UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID MARX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-128** |
| **DARREL VANNOY** | **SECTION M (4)** |

## O R D E R

The Court, having considered the complaint, the record, the applicable law, the magistrate judge's report and recommendation ("R&R"),[1] and the petitioner's objection to the R&R,[2] hereby approves the R&R and adopts it as its opinion in this matter.

Petitioner David Marx makes two objections to the R&R. First, Marx objects to the R&R's conclusion that the prosecutor's statement during a rebuttal argument regarding DNA evidence was not improper. As explained by the R&R, Marx has not established that the prosecutor's isolated statement, when evaluated in light of the argument and record as a whole, was improper or prejudicial considering the multitude of other evidence before the jury, including Marx's detailed confession, the eyewitness identifications, and other circumstantial evidence of Marx's guilt. Marx's objection to the R&R relies solely on the isolated statement, out of context, and still does not establish how the statement was prejudicial in light of the argument and record as a whole.

Second, Marx objects to the R&R's finding that he did not receive ineffective assistance of counsel as a result of his counsel's failure to make a separate motion to suppress his confession. The R&R explained that the motion to suppress was made in accordance with the customary practices observed by the New Orleans Criminal District Court, and that court heard testimony

---

[1] R. Doc. 21.
[2] R. Doc. 28.

from witnesses on the motion. The R&R thoroughly described the officer's testimony and the facts in the record surrounding Marx's confession. The R&R further explained that it is immaterial that the motion to suppress was not made in writing as a stand alone or omnibus motion because such a motion would have been meritless considering that a written motion would not have changed the officer's testimony and the pertinent facts. Marx's objection does not persuade this Court that the R&R is incorrect.

Therefore,

**IT IS ORDERED** that David Marx's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 17th day of November, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE